UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KAMIKA HENDRICKS,

                *Plaintiff*,

-against-

SAM GARCIA and ROSEMARIE CAGGIANO,

                *Defendants*.

24-CV-4864 (ARR) (LGD)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

    Plaintiff, Kamika Hendricks, bring this action against defendants Sam Garcia and Rosemarie Caggiano, seeking damages for injuries allegedly sustained in a motor vehicle accident involving plaintiff's and defendants' cars. Plaintiff appears to invoke this Court's diversity jurisdiction. Defendants move to dismiss all of plaintiffs' claims, asserting they are barred by the applicable statute of limitations. *See* Defs.' Mem. Supp. Mot. Dismiss, ECF No. 16; Pl.'s Affirmation in Opp'n, ECF No. 17; Defs.' Reply Affirmation, ECF No. 18. For the reasons that follow, I conclude that plaintiff's complaint fails to allege sufficient facts to establish the existence of diversity of citizenship. Thus, I am unable to ascertain whether the Court has subject matter jurisdiction over the action, and I am unable to decide defendants' motion to dismiss on the merits at this time.

## DISCUSSION

    "A federal court's jurisdiction generally may be predicated upon federal question jurisdiction, codified at 28 U.S.C. § 1331, or diversity jurisdiction, codified at 28 U.S.C. § 1332." *Winter v. Novartis Pharm. Corp.*, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014). Here, plaintiff brings claims of common-law negligence and negligent entrustment, and nothing in plaintiff's complaint

raises any question of federal law. *See* Compl. ¶¶ 6–27, ECF No. 1. Rather, it appears that plaintiff seeks to invoke this Court's subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Compl. ¶¶ 3–5 (alleging that plaintiff is "a resident of the State of New York" and that defendants are "resident[s] of the State of Connecticut"). The federal diversity jurisdiction statute provides, in relevant part, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

Although the parties have not raised the issue of the Court's subject-matter jurisdiction, I must nevertheless be satisfied that jurisdiction exists before considering the claims presented. *See Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 54 (S.D.N.Y. 2004) ("A district court is required to raise *sua sponte* the question whether diversity of citizenship is adequately pleaded."). The burden of demonstrating that diversity of citizenship exists falls to plaintiff. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) ("The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." (citation and internal quotation marks omitted)). For this purpose, an individual's citizenship is determined by the person's domicile. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (citation and internal quotation marks omitted).

The only allegations in plaintiff's complaint that pertain to subject-matter jurisdiction are those which allege the residence of the various parties. Specifically, plaintiff alleges that she herself, "[a]t all times hereinafter mentioned . . . was, and still is, a resident of the State of New York." Compl. ¶ 3. The complaint further alleges that defendants Sam Garcia and Rosemarie Caggiano were at all relevant times, and continue to be, residents of the state of Connecticut. *Id.*

2

¶¶ 4–5. It is well settled, however, that "allegations of residence are insufficient to establish diversity jurisdiction." *Mackason*, 347 F. Supp. 2d at 55; *see also Caren v. Collins*, 689 F. App'x 75, 75 (2d Cir. 2017) ("Although the individual plaintiff and the individual defendants are alleged to be residents of certain States, such an allegation is insufficient to plead citizenship . . . ."); *Vis Vires Grp., Inc. v. Endonovo Therapeutics, Inc.*, 149 F. Supp. 3d 376, 389 (E.D.N.Y. 2016) ("[C]ourts have repeatedly found that complaints failed to allege diversity of citizenship jurisdiction where the allegations focus solely on a party's residence.") (collecting cases). Since plaintiff's complaint merely alleges the parties' residency, plaintiff has failed to establish diversity of citizenship, and I am thus unable to ascertain whether subject-matter jurisdiction is present.

## CONCLUSION

In order for me to determine whether I have subject-matter jurisdiction over this action, I make the following order. Plaintiff, Kamika Hendricks, may file a motion for leave to file an amended complaint in this case on or before January 24, 2025. In support of her motion, plaintiff shall include a proposed amended complaint and a memorandum of law that explains how the proposed amended complaint would cure the jurisdictional problem described above. Defendants may file a brief in response, within seven days of service of plaintiff's motion.

All case deadlines are stayed pending my review of the parties' further submissions relating to subject-matter jurisdiction. If, upon review, I determine that I possess subject matter jurisdiction, the action may proceed. Otherwise, in the absence of such jurisdiction, I will dismiss the action.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated: January 7, 2025
       Brooklyn, New York