UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAMIKA HENDRICKS, | 24-CV-4864 (ARR) |
| *Plaintiff*, | |
| -against- | <u>NOT FOR ELECTRONIC OR PRINT PUBLICATION</u> |
| SAM GARCIA and ROSEMARIE CAGGIANO, | **OPINION & ORDER** |
| *Defendants*. | |

ROSS, United States District Judge:

Plaintiff, Kamika Hendricks, brings this motion to amend her complaint, which alleges that defendants Sam Garcia and Rosemarie Caggiano owe her damages for injuries she sustained in a motor vehicle accident. Because Ms. Hendricks failed to cure the jurisdictional deficiencies that I identified in my previous order, I deny Ms. Hendricks's motion to amend and dismiss the action for lack of subject matter jurisdiction.

## FACTUAL BACKGROUND

On July 13, 2021, Ms. Hendricks suffered a motor vehicle accident between herself and defendants in Bridgeport, Connecticut. Proposed Amend Compl. ("PAC") ¶¶ 1, 19, ECF No. 20-2. Ms. Hendrick was driving a 2015 KIA motor vehicle bearing New York State license plate number HSE3311. *Id.* Defendants' vehicle, operated by defendant Sam Garcia, was a 2000 Honda motor vehicle bearing Connecticut State license plate number BB76465. *Id.* As a result of defendants' vehicle rear-ending plaintiff's vehicle, Ms. Hendricks sustained severe injuries. *Id.* ¶¶ 19–20.

The complaint alleges that Ms. Hendricks was a resident of New York at the time of the accident and continues to reside in New York. *Id.* ¶ 3. Defendants Sam Garcia and Rosemarie Caggiano were residents of Connecticut and continue to reside in Connecticut. *Id.* ¶¶ 4–5.

## PROCEDURAL BACKGROUND

Ms. Hendricks filed her complaint in this court on July 12, 2024. Invoking this court's diversity jurisdiction, the complaint brings claims for common-law negligence, *Id.* ¶¶ 6–24 and negligent entrustment, *id.* ¶¶ 25–27. Defendants filed a motion to dismiss on November 27, 2024, ECF 14, and Ms. Hendricks filed her opposition on January 3, 2025, ECF 17.

On January 7, 2025, I issued an order requesting supplemental filings from the parties on the issue of this court's subject matter jurisdiction. *See* ECF 19 ("Order"). I concluded that I was unable to assert subject matter jurisdiction over the action because Ms. Hendricks failed to allege sufficient facts to establish diversity of citizenship between the parties. *Id.* at 1. Therefore, my order did not reach the merits of her claims. *Id.* The Order granted Ms. Hendricks permission to file a motion for leave to file an amended complaint, and directed that she include a proposed amended complaint and a memorandum of law explaining how the proposed amended complaint would cure the jurisdictional problems outlined in the Order. *Id.* at 3. On January 23, 2025, Ms. Hendricks moved for an order seeking leave to amend her complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Pl.'s Mot."). On January 29, 2025, defendants submitted an affirmation in opposition to the motion to amend ("Defs.' Opp."). Ms. Hendricks did not submit any reply papers.

## DISCUSSION

For the reasons below, I conclude that Ms. Hendricks's proposed amended complaint fails to allege sufficient facts to establish diversity of citizenship between herself and defendants.

Indeed, her proposed amended complaint and accompanying memorandum of law are silent on the precise jurisdictional requirements and issues identified in the Order. Order at 2–3. As Ms. Hendricks has failed to cure the deficiencies in her complaint to allege diversity of citizenship, I dismiss this action.

"A federal court's jurisdiction generally may be predicated upon federal question jurisdiction, codified at 28 U.S.C. § 1331, or diversity jurisdiction, codified at 28 U.S.C. § 1332." *Winter v. Novartis Pharm. Corp.*, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014). Bringing claims for common-law negligence and negligent entrustment, Ms. Hendricks seeks to invoke this Court's subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Pl.'s Mot. at 3. Plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

The federal diversity jurisdiction statute provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States [.]" 28 U.S.C. § 1332(a)(1). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal citation marks and citations omitted). "For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). Significantly, a statement of the parties' residence alone is insufficient to establish domicile. *See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d

44, 47 (2d Cir. 1996) (finding insufficient allegations of diversity jurisdiction where plaintiffs alleged merely their residence).

To invoke federal diversity jurisdiction, Ms. Hendricks must plausibly allege that she was domiciled in New York at the time she filed suit. As I observed in my prior order, Order at 3, her original complaint's allegation that she was a resident of New York was insufficient to establish a basis for diversity of citizenship, Compl. ¶ 1, ECF No. 1; *see Leveraged Leasing*, 87 F.3d at 47.

Ms. Hendricks' proposed amended complaint and her original complaint contain identical allegations as to the diversity of citizenship between the parties. There are no changes to the paragraphs alleging that Ms. Hendricks "was, and still is, a resident of the State of New York, residing at 23 Monroe Avenue, County of Suffolk and the State of New York." *Compare* PAC, ¶¶ 3, 6; *with* Compl. ¶¶ 3, 6. The proposed amended complaint includes no additional allegations regarding Ms. Hendricks's *domicile*. The changes in the proposed amended complaint are limited to paragraph 2, where Ms. Hendricks elaborates on the injuries she sustained from the accident, and paragraph 27, where she specifies that she has "sustained damages in an amount substantially exceeding $75,000." PAC ¶¶ 2, 27. While the supporting memorandum accompanying plaintiff's proposed amended complaint states that the Order held that "Plaintiff adequately alleged one prong of diversity jurisdiction, diversity of citizenship between the parties," ECF 20-1 at 1–2, the Order instead held that "plaintiff has failed to establish diversity of citizenship." Order at 3. Ms. Hendricks's proposed amended complaint fails to allege that this court possesses the subject matter jurisdiction to reach the merits of her claims.[1]

---

[1] I do not need to decide if Ms. Hendricks has adequately pled the $75,000 amount in controversy threshold because her proposed amended complaint fails on the diversity of citizenship requirement. 28 U.S.C. § 1332(a).

I dismiss Ms. Hendricks's motion to amend her complaint without leave to amend. While leave to amend should be "freely give[n]," Fed.R.Civ.P. 15(a), there is no rule that every request to amend must be granted. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d. Cir. 2007). Leave to amend may be denied if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile. *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). Leave to amend may also be denied for "repeated failure to cure deficiencies by amendments previously allowed." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008).

There is a "strong preference" for allowing amendment when "the plaintiff has not had the benefit of a court ruling with respect to the deficiencies of its pleading." *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, 473 F. Supp. 3d 361, 364–65 (S.D.N.Y. 2020); *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160, 190 (2d Cir. 2015) ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies."). However, if a plaintiff "was aware of the deficiencies in his or her complaint when he or she first amended it and on the plainest notice of what was required to survive a motion to dismiss, there is little value in permitting a third opportunity for the plaintiff to add more allegations." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 91 (2d Cir. 2023) (quotation marks omitted); *see also Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (affirming the district court's denial of leave to amend because the appellant was not "unaware of the deficiencies in his complaint when he first amended it" and was "on the plainest notice of what was required" to avoid dismissal).

Here, after Ms. Hendricks filed her original complaint, I explained to her in detail the pleading deficiencies that she had to remedy in order to sufficiently allege subject matter

jurisdiction. Even with "the benefit of a court ruling with respect to the deficiencies of [her] pleading," she has failed to allege that she was domiciled in the state of New York on the date of her accident. Ms. Hendricks was on the "plainest notice of what was required" based on the Order's discussion of domicile standards, Order at 2–3, and her proposed amended complaint and supporting memorandum make no effort to address these requirements.

## CONCLUSION

For the reasons above, I DENY Ms. Hendricks's motion to amend her complaint and DISMISS this case for lack of subject matter jurisdiction.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:   April 15, 2025
         Brooklyn, New York